IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREAT AMERICAN INSURANCE                    08-CV-963-BR
COMPANY, an Ohio corporation,

       Plaintiff,                       OPINION AND ORDER

v.

JANE M. BRILLHARD; CARR
CHEVROLET, INC., an Oregon
corporation, dba CARR AUTO
GROUP; RENAISSANCE CUSTOM
HOMES, INC., an Oregon
corporation; RENAISSANCE
HOMES; BRASHER'S CASCADE AUTO
AUCTION, INC., an Oregon
corporation; OSWEGO LUXURY
LTD., an Oregon corporation;
CHARLES J. SEAMAN; ELIZABETH
SEAMAN; SUSAN GRAY; WENDY
WEIL; STEVEN K. NORGAARD AND
KAREN E. NORGAARD; NATALIE
LIDDLE; LISABETH A. SARLIN;
LUCAN ROBERTS; ROMAN
MARTUSHEV; COREY WRIGHT;
HEIDI SCHMIDT; UNITUS
COMMUNITY CREDIT UNION,
Federal Credit Union and
Oregon corporation; and DOES
1-30,

       Defendants.

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Amended Fed. R. Civ. P. 4(E) Motion (#36) to Allow Service on Does 2-30, Elizabeth Seaman, Oswego Luxury, Ltd., and Charles J. Seaman by Publication and on Non-Waiving Defendants Carr Chevrolet, Inc., Susan Gray, Lisabeth Sarlin, Lucan Roberts, and Heidi Schmidt by Publication and Mail.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.


<u>BACKGROUND</u>

On August 22, 2008, Plaintiff Great American Insurance Company filed an Amended Interpleader Complaint addressing all claims asserted against the bond held by Plaintiff and seeking indemnity.

Between August and October 2008, Defendants Brasher's Cascade Auto Auction, Inc.; Renaissance Custom Homes, Inc.; Roman Martushev; Jane Brillhard; Unitus Community Credit Union; Karen Norgaard; and Steven K. Norgaard executed Waivers of Service and Summons.  On October 10, 2008, Plaintiff substituted Jill M. Schreck for Doe #1.  On October 11, 2008, Schreck executed a Waiver of Service and Summons.

On October 11, 2008, Waivers of Service were returned unexecuted as to Defendants Carr Chevrolet, Inc.; Susan Gray; Lucas Roberts; Lisbeth A. Sarlin; Heidi Schmidt; Corey Wright;

2 - OPINION AND ORDER

and Wendy Weil.

On November 18, 2008, the Court entered an Order of Dismissal as to Defendant Unitus Community Credit Union pursuant to the parties' Joint Motion to Dismiss.

On December 5, 2008, Plaintiff filed a Motion to Allow Service on Does 2-30, Elizabeth Seaman, Oswego Luxury, Ltd., and Charles J. Seaman by Publication and on Non-Waiving Defendants Carr Chevrolet, Inc., Susan Gray, Lisabeth Sarlin, and Lucas Roberts by Publication and Mail.  On December 9, 2008, Plaintiff filed an Amended Motion to Allow Service on Does 2-30, Elizabeth Seaman, Oswego Luxury, Ltd., and Charles J. Seaman by Publication and on Non-Waiving Defendants Carr Chevrolet, Inc., Susan Gray, Lisabeth Sarlin, Lucas Roberts, and Heidi Schmidt by Publication and Mail.

On January 30, 2009, the Court entered an Order of Dismissal as to Defendant Corey Wright pursuant to the parties' Joint Motion to Dismiss.

Because Plaintiff did not inform the Court of the publication or process that Plaintiff intended to use to serve notice by publication, the Court requested Plaintiff to advise the Court of the publication and the manner in which Plaintiff intended to serve notice.

On February 13, 2009, Plaintiff filed an Addendum to the Declaration of H. Lee Cook in Support of Motion to Allow Service

3 - OPINION AND ORDER

by Publication and by Mail in which Plaintiff asserts it intends
to publish Notice in the *Oregon Daily Journal of Commerce*.

## **DISCUSSION**

In its Motion, Plaintiff asserts it would "unnecessarily
deplete bond funds available for partial compensation for the
claims asserted against the bond" if required to serve all
Defendants by personal service.  Plaintiff also asserts
Defendants Charles and Elizabeth Seaman and Oswego Luxury, LTD.,
"appear to be refusing service and service attempts have been
unsuccessful."  Plaintiff, therefore, requests the Court to allow
service by publication on Defendants Charles and Elizabeth
Seaman, Oswego Luxury, LTD., and Doe Defendants 2-30, and service
by publication and mail on Defendants Carr Chevrolet, Inc., Susan
Gray, Lisabeth Sarlin, Lucas Roberts, and Heidi Schmidt.

Federal Rule of Civil Procedure 4(e)(1) and (2) provides
individuals within the Judicial District of the United States may
be served either "pursuant to the law of the state in which the
district court is located" or "by delivering a copy of the
summons and of the complaint to the individual personally or by
leaving copies thereof at the individual's dwelling . . . with
some person of suitable age . . . then residing therein or by
delivering a copy . . . to an agent authorized by appointment or
by law to receive service of process."

Federal Rule of Civil Procedure 4(h)(1)(A) and (B) provide corporations within the Judicial District of the United States may be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each of the defendant."

Although "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, . . . without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

**I.   Defendants Charles J. Seaman and Elizabeth Seaman.**

   **A.   Plaintiff has not served Charles J. Seaman and Elizabeth Seaman in a manner specifically allowed under Oregon Rule of Civil Procedure 7D(2) or (3).**

Plaintiff asserts it attempted to personally serve Charles J. Seaman and Elizabeth Seaman at their residence several times, but it was not able to complete service.

Rule 4(e)(1) allows service by any method allowed under Oregon law, the state in which this Court is located. Oregon law allows service on individual defendants by personal service or by

substituted service as prescribed in the Oregon Rules of Civil Procedure.  Or. R. Civ. P. 7D(3)(a)(I).  Under Oregon law, substituted service may be made in one of three ways:  (1) by delivering a copy of the complaint to the home of the person to be served and leaving it with a resident of the home who is over 14 years of age provided that the plaintiff, "as soon as reasonably possible" after making service, mails a copy of the summons and complaint to the defendant at his home; (2) by leaving a copy of the complaint and summons at the defendant's office during normal working hours "with the person who is apparently in charge" provided the plaintiff then mails a copy of the summons and complaint to the defendant's home or office; or (3) by mailing a copy of the summons and complaint to the defendant by first-class mail and by certified, registered, or express mail provided the defendant signs a receipt for the certified, registered, or express mail.  Or. R. Civ. P. 7D(2)(b), (c), (d)(I), and 7D(3)(a)(I).

Exhibits A and B to Cook's Declaration reflect process servers attempted to serve Charles J. Seaman and Elizabeth Seaman four times in October 2008, but no one answered the door at their residence.  Plaintiff has not, however, alleged or established it attempted to serve Charles J. Seaman and Elizabeth Seaman by certified, registered, or express mail as provided for in Rule 7D(b), (c), (d)(I), and 7D(3)(a)(I).  The Court, therefore,

6 - OPINION AND ORDER

concludes Plaintiff has not served these Defendants in a manner specifically allowed under Oregon Rule of Civil Procedure 7D(2) or (3).

    **B.**   **The Court denies Plaintiff's request for service by publication.**

       Under Oregon Rule 7D(6)(a), when service "cannot be made by any method otherwise specified," the Court, "at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action." Such method may include publication of the summons plus mailing by certified or registered mail. *Id.*

       As noted, Plaintiff has not alleged it has attempted service on Charles J. Seaman and Elizabeth Seaman by substituted service as provided under Oregon law; for example, by mailing a copy of the summons and complaint to them by certified, registered, or express mail. The Court, therefore, concludes Plaintiff has failed to establish that service on Charles J. Seaman and Elizabeth Seaman "cannot be made by any method otherwise specified." In addition, the Court concludes Plaintiff has not established under these circumstances that service by publication generally or by publication specifically in the *Oregon Daily Journal of Commerce* is the "manner [most] reasonably calculated, under all the circumstances, to apprise the defendant[s] of the existence and pendency of the action and to afford a reasonable

7 - OPINION AND ORDER

opportunity to appear and defend."  Or. R. Civ. P. 7D(1).

Accordingly, the Court, in the exercise of its discretion, denies Plaintiff's Motion as to its request to serve Charles J. Seaman and Elizabeth Seaman by publication with leave to renew the Motion upon a record that addresses the Court's concerns.

**II.  Defendant Oswego Luxury, LTD.**

**A.  Plaintiff has not shown Oswego Luxury, LTD., is refusing service.**

As noted, Plaintiff asserts Oswego Luxury, LTD., "appears to be refusing service and service attempts have been unsuccessful."  In the Declaration of H. Lee Cook, however, Cook notes only that attempts to personally serve Charles J. Seaman and Elizabeth Seaman were unsuccessful.  Cook does not address Plaintiff's attempts to serve Oswego Luxury, LTD., nor does Cook attach to his Declaration an Affidavit of Non-Service or other evidence that Plaintiff attempted to serve Oswego Luxury, LTD., in a manner contemplated under Federal Rule of Civil Procedure 4(h).

Accordingly, the Court concludes Plaintiff has not shown it served or attempted to serve Oswego Luxury, LTD., properly under Rule 4(h).

**B.  The Court denies Plaintiff's request for service by publication as to Oswego Luxury, LTD.**

As noted, under Oregon Rule of Civil Procedure 7D(6)(a), when service "cannot be made by any method otherwise

8 - OPINION AND ORDER

specified," the Court, "at its discretion, may order service by
any method or combination of methods which under the
circumstances is most reasonably calculated to apprise the
defendant of the existence and pendency of the action."

Plaintiff, however, has not established it attempted to
serve Defendant Oswego Luxury, LTD., in any manner contemplated
by Federal Rule of Civil Procedure 4(h), which allows a plaintiff
to serve corporations either "in the manner prescribed by Rule
4(e)(1) for serving an individual" or "by delivering a copy of
the summons and of the complaint to an officer, a managing or
general agent, or any other agent authorized by appointment or by
law to receive service of process and . . . by also mailing a
copy of each of the defendant."  The record does not reflect
Plaintiff has attempted to serve Oswego Luxury, LTD., by
delivering a copy of the service and complaint to an officer,
managing or general agent, or any other agent authorized by law
to receive service and then mailing a copy to Oswego Luxury, LTD.
Plaintiff, therefore, has not established that service on Oswego
Luxury, LTD., "cannot be made by any method otherwise specified"
nor that service by publication is the "manner [most] reasonably
calculated, under all the circumstances, to apprise the defendant
of the existence and pendency of the action and to afford a
reasonable opportunity to appear and defend."  *See* Or. R. Civ. P.
7D(1).

9 - OPINION AND ORDER

Accordingly, the Court, in the exercise of its discretion, denies Plaintiff's request to serve Oswego Luxury, LTD., by publication and mail with leave to renew the Motion upon a record that addresses the Court's concerns.

**III.  Non-Waiving Defendants.**

    **A.  Plaintiff has not shown it properly served Non-Waiving Defendants.**

Plaintiff does not allege and the record does not reflect that Plaintiff attempted to serve any Defendant who did not waive service.  Accordingly, the Court concludes Plaintiff has not shown it served or attempted to serve Non-Waiving Defendants Carr Chevrolet, Inc., Susan Gray, Lisabeth Sarlin, Lucas Roberts, or Heidi Schmidt properly under Federal Rule of Civil Procedure 4(e) and (h).

    **B.  The Court denies Plaintiff's request for service by publication as to Non-Waiving Defendants.**

Plaintiff requests the Court allow Plaintiff to serve Non-Waiving Defendants by publication and mail on the ground that it would "unnecessarily deplete bond funds available for partial compensation for the claims asserted against the bond" if Plaintiff was required to serve each Non-Waiving Defendant by personal service.  In support of its request, Plaintiff provided a list setting out the prices for service, which range from $175 for same-day service to $75 for 10-day service.

The Court notes the cost of personally serving the five

10 - OPINION AND ORDER

Non-Waiving Defendants under a 10-day service plan would be only
$375.  Thus, the Court concludes requiring personal 10-day
service as to Defendants Carr Chevrolet, Inc., Susan Gray,
Lisabeth Sarlin, Lucas Roberts, and Heidi Schmidt would not so
deplete the bond fund as to render personal service unreasonable.

Nevertheless, in the interest of conserving bond funds,
the Court, in the exercise of its discretion, authorizes
Plaintiff to serve Defendant Carr Chevrolet in the manner
described in Federal Rule of Civil Procedure 4(h)(1)(B) (*i.e.*,
"by delivering a copy of the summons and of the complaint to an
officer, a managing or general agent, or any other agent
authorized by appointment or by law to receive service of process
and . . . by also mailing a copy of each to the defendant")
rather than by personal service.  The Court also authorizes
Plaintiff to serve Defendants Gray, Sarlin, Roberts, and Schmidt
by any of the methods of substituted service set out in Oregon
Rule of Civil Procedure 7D(2)(b), (c), (d)(I), or 7D(3)(a)(I)
(*i.e.,* (1) by delivering a copy of the complaint to the home of
the person to be served and leaving it with a resident of the
home who is over 14 years of age provided Plaintiff, "as soon as
reasonably possible" after making service, mails a copy of the
Summons and Complaint to defendant at his home; (2) by leaving a
copy of the Summons and Complaint at Defendant's office during
normal working hours "with the person who is apparently in

11 - OPINION AND ORDER

charge" and then mailing a copy of the summons and complaint to
Defendant's home or office; or (3) by mailing a copy of the
Summons and Complaint to each Defendant by first-class mail and
by certified, registered, or express mail provided Defendants
sign a receipt for the certified, registered, or express mail.

**IV.  Doe Defendants 2-30.**

Plaintiff requests the Court allow Plaintiff to serve Doe
Defendants 2-30 by publication on the ground that it would
"unnecessarily deplete bond funds available for partial
compensation for the claims asserted against the bond" if
Plaintiff was required to serve each Doe Defendant by personal
service.

The Court notes the cost of personally serving 29 Doe
Defendants under a 10-day service plan would be $2,175.  Thus,
the Court concludes requiring personal 10-day service as to Doe
Defendants would so deplete the bond fund as to render personal
service unreasonable.

Accordingly, the Court concludes service by publication
would be the "manner [most] reasonably calculated, under all the
circumstances, to apprise [Doe Defendants 2-30] of the existence
and pendency of the action and to afford a reasonable opportunity
to appear and defend."  Or. R. Civ. P. 7D(1).

Plaintiff notes it intends to publish the Summons and Notice
of the action in the *Oregon Daily Journal of Commerce*, which is

12 - OPINION AND ORDER

published in Oregon, the presumed location of Doe Defendants 2-30.  The Court concludes publication in the *Oregon Daily Journal of Commerce* is sufficiently calculated to afford Doe Defendants 2-30 a reasonable opportunity to appear and to defend.

The Court, however, advises Plaintiff that Oregon Rule of Civil Procedure 7D(6)(c) requires publication of the Summons and Notice "four times in successive calendar weeks."  In addition, pursuant to Oregon Rule of Civil Procedure 7D(6)(b),

> a published summons shall also contain a summary statement of the object of the complaint and the demand for relief, and the notice required . . . shall state:  "The . . . 'answer' . . . must be given to the court clerk . . . within 30 days of the date of first publication specified herein along with the required filing fee."  The published summons shall also contain the date of the first publication of the summons.

In summary, the Court grants Plaintiff's Motion to Allow Service as to Does 2-30 and advises Plaintiff that it may serve Does 2-30 by publication in the manner set forth above.


<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS in part** and **DENIES in part** Amended Fed. R. Civ. P. 4(E) Motion (#36) to Allow Service on Does 2-30, Elizabeth Seaman, Oswego Luxury, Ltd., and Charles J. Seaman by Publication and on Non-Waiving Defendants Carr Chevrolet, Inc., Susan Gray, Lisabeth Sarlin, Lucan Roberts, and Heidi Schmidt by Publication and Mail as follows:

13 - OPINION AND ORDER

1.   The Court **DENIES** Plaintiff's request to serve
     Defendants Charles and Elizabeth Seaman by publication
     with leave to renew as noted herein.

2.   The Court **DENIES** Plaintiff's request to serve
     Defendants Carr Chevrolet, Inc., Susan Gray, Lisabeth
     Sarlin, Lucas Roberts, and Heidi Schmidt under Federal
     Rule of Civil Procedure 4(e) and (h) by publication
     with leave to renew as noted herein.

3.   The Court **GRANTS** Plaintiff's request to serve Doe
     Defendants 2-30 by publication in the manner set forth
     above.

The Court **DIRECTS** Plaintiff to file an affidavit with the
Court within 14 days of completing service on Doe Defendants 2-30
by publication in which Plaintiff certifies it completed service
as ordered by the Court.  The Court also **DIRECTS** Plaintiff to
attach a proof of publication to its affidavit.

IT IS SO ORDERED.

DATED this 20th day of February, 2009.


                         /s/ Anna J. Brown

                         _____
                         ANNA J. BROWN
                         United States District Judge